UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br>and SHERIFF BERRONG<br><br>    *Plaintiff/Respondent*,<br><br>v.<br><br>RALPH T. O'NEAL III<br><br>    *Defendant/Petitioner*. | )<br>)<br>)<br>)<br>)<br>)<br>)    No. 3:10-cv-12<br>)<br>)<br>)<br>) |

## **MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which petitioner is challenging the validity of his federal conviction. The Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum and accompanying Judgment Order on the United States Attorney. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the petition and this petition will be **DISMISSED**.

On December 17, 2009, petitioner was convicted by a jury in this court of a drug conspiracy; his sentencing is set for June 30, 2010. *United States v. Ralph T. O'Neal III, et al.*, Criminal Action No. 3:08-cr-107 (E.D. Tenn.). Because petitioner is challenging the validity of his federal conviction, his remedy is to file a motion to vacate, set aside or correct

sentence, pursuant to 28 U.S.C. § 2255, after having exhausted his appeals. *See Allen v. White*, 185 Fed.Appx. 487 (6th Cir. June 22, 2006).

> Courts interpret [28 U.S.C.] § 2241 as the statutory grant of authority to issue habeas writs, and [28 U.S.C.] § 2254 as implementing that authority with respect to state prisoners.
>
> On the other hand, [28 U.S.C.] § 2255 governs collateral attacks by federal prisoners ("prisoner[s] in custody under sentence of a court established by Act of Congress") seeking to be released on the ground that "the[ir] sentence was imposed" unlawfully. It does not apply to state prisoners, or to federal prisoners challenging the execution of their sentences- *i.e.*, the manner in which their sentences are served. Federal prisoners who wish to collaterally challenge the execution of their sentences must petition for relief under § 2241.

*Id*. at 489-490 (internal citations and footnote omitted) (quoting 28 U.S.C. § 2255); *see also Lee v. Rios*, No. 08-5330, 2010 WL 22328 AT *3 (6th Cir. Jan. 6, 2010) ("Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which his sentence is being served, but cannot challenge the conviction or sentence itself.") (citation omitted).

Because it plainly appears from the face of the petition and the annexed exhibits that petitioner is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus is **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. The Clerk is **DIRECTED** to notify the petitioner of this Order and to close this file. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c).

In addition to the above, this court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be

2

Case 3:10-cv-00012-TWP-CCS   Document 3   Filed 02/09/10   Page 2 of 3   PageID #: 8

taken in good faith and would be totally frivolous.  Therefore, this court hereby **DENIES** the petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

       **AN APPROPRIATE ORDER WILL ENTER.**

                                                        s/ Thomas W. Phillips
                                             United States District Judge